## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**Keith Peterson**, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

v.

**Republic Services, Inc**.,

Defendant.

Case No.

CLASS ACTION COMPLAINT

<u>JURY TRIAL DEMANDED</u>

### CLASS ACTION COMPLAINT

### NATURE OF THIS ACTION

1. Keith Peterson ("Plaintiff") brings this class action against Republic Services, Inc, ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

1

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

*****

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

4. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

5. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to wrong or reassigned cellular telephone numbers.

### JURISDICTION & VENUE

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8. Defendant directed, or caused to be directed, artificial or prerecorded voice messages to Plaintiff's cellular telephone from this district and Defendant resides in this District.

### PARTIES

9. Plaintiff is a natural person.

10. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

11.    Defendant is a corporation with its principal place of business in this District.

12.    Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

13.    Plaintiff is, and at all times mentioned herein was a "person" as the term is defined by 47 U.S.C. § 153(39).

14.    Plaintiff's cellular telephone number is (502) 487-XXX.

15.    Plaintiff uses his cellular telephone number for personal, residential, and household purposes.

16.    Despite this, Defendant has called Plaintiff approximately thirty (30) times, beginning in late May or early June 2025.

17.    After Plaintiff received the first call, in late May or early June 2025, he called Defendant back and told Defendant that it had the wrong number, but the calls continued.

18.    For example, on September 2, 2025, Defendant placed a prerecorded call to Plaintiff from telephone number (859) 263-2000.

19.    The caller left a prerecorded voicemail seeking an unpaid debt for an individual other than Plaintiff, identifying itself as "Republic Services," and providing the website address www.republicservices.com, as well as a call back number of (859) 263-2000.

20.    On September 16, 2025, Defendant called Plaintiff again, but from telephone number (618) 619-1633.

21.    In an attempt to get the phone calls to stop, on September 16, 2025, Plaintiff called Defendant at telephone number (800) 262-6565 and requested to be added to Defendant's Do Not Call list. Plaintiff also informed Defendant they were calling the wrong telephone number.

22.     Despite this, on September 17, 2025, Defendant placed another prerecorded call to Plaintiff from telephone number (859) 263-2000.

23.     The caller left a prerecorded voicemail seeking an unpaid debt for an individual other than Plaintiff, identical to the voicemail Plaintiff received on September 2, 2025. Again, the prerecorded voicemail identified itself as "Republic Services," and provided the website address www.republicservices.com, as well as a call back number of (859) 263-2000.

24.     In a second attempt to get the phone calls to stop, on October 13, 2025, Plaintiff called Defendant at telephone number (800) 262-6565 and requested to be added to Defendant's Do Not Call list again. Plaintiff also informed Defendant they were calling the wrong telephone number again.

25.     Plaintiff asked to be added to Defendant's internal Do Not Call list twice.

26.     Plaintiff suffered actual harm as a result of Defendant's subject calls, in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, a private nuisance and was harassed by the conduct of Defendant.

### CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Republic Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who had an account in collections with Republic Services, Inc., (3) in connection with which Republic Services, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

28.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

29.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

30.    The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

31.    The members of the class are ascertainable because they are defined by reference to objective criteria.

32.    In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

33.    Plaintiff's claims are typical of the claims of the members of the class.

34.    As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

35.    In addition, like all members of the class, Plaintiff did not have an account in collections with Defendant.

36.    Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

37.    Plaintiff's claims are based on the same theories as the claims of the members of the class.

38.    Plaintiff suffered the same injuries as the members of the class.

39.    Plaintiff will fairly and adequately protect the interests of the members of the class.

40.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

41.    Plaintiff will vigorously pursue the claims of the members of the class.

42.  Plaintiff has retained counsel experienced and competent in class action litigation.

43.  Plaintiff's counsel will vigorously pursue this matter.

44.  Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

45.  The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

46.  Issues of law and fact common to all members of the class include:

a.  Defendant's violations of the TCPA;

b.  Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

c.  Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

d.  Defendant's use of an artificial or prerecorded voice; and

e.  The availability of statutory penalties.

47.  A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

48.  If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

49.  The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

50.     The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

51.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

52.     The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

53.     The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

54.     There will be little difficulty in the management of this action as a class action.

55.     Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

56.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

57.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

58.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action;

b)    Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c)    Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d)    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)    Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f)    Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g)    Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h)    Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i)    Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 4, 2025

Respectfully submitted,

**COOCH AND TAYLOR, P.A.**

*/s/ Dean R. Roland*
Dean R. Roland (No. 6459)
1000 North West St., Suite 1500
P.O. Box 1680
Wilmington, DE 19899-1680
(302) 984-3851
droland@coochtaylor.com

Raina C. Borrelli*
Carly M. Roman *
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109
raina@straussborrelli.com
croman@straussborrelli.com

Anthony I. Paronich*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

* *Pro Hac Vice Forthcoming*

9