IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| **KEITH PETERSON,** individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Civil No. 3:26-cv-0021-GFVT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **REPUBLIC SERVICES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to the Court's Order for Meeting and Report of the Parties dated March 18, 2026, Plaintiff Keith Peterson ("Plaintiff") and Defendant Republic Services of Kentucky, LLC. ("Republic" or "Defendant") (collectively, "the Parties") submit the following Joint Proposed Scheduling Plan reflecting the result of that conference and their respective positions with respect to the items below.[1]

1.  The Parties held a FRCP 26(f) conference via telephone on April 17, 2026. The conference was attended by Antony Paronich for the Plaintiff and Darci Madden  and Daniel Danford for the Defendant.

2.  **Initial Disclosures**: The Parties have exchanged initial disclosures.

3.  **Discovery Plan.** The Parties propose the following discovery plan.

     a.     **Subjects of Discovery:**

         i.   **Plaintiff's Position:**

---

[1]  The parties have agreed that the proper defendant in this action is Republic Services of Kentucky, LLC and Plaintiff has filed a consent motion to substitute Republic Services of Kentucky, LLC for Republic Service, Inc. as Defendant.

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that Defendant may file. The Plaintiff will seek from the Defendant (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

ii.      **Defendant's Position**

Defendant intends to move to bifurcate discovery, as described below.  Unless and until the Court decides that a class should be certified, Defendant believes that discovery will be needed into Plaintiff's relationship with the phone number at issue, Plaintiff's alleged efforts to notify Defendant of his request not to be called, facts relevant to Plaintiff's adequacy as a putative class representative, and Plaintiff's alleged damages.

The Parties intend to follow the provisions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Kentucky regarding limitations on discovery. Neither party, however, waives the right to limit or seek leave to exceed these limits if necessary as the case proceeds. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

**b.**    **Electronically Stored Information:** The Parties do not presently anticipate any disputes or issues arising from or relating to the disclosure or discovery of information stored electronically. Electronic documents shall be produced in the form of multi-page, color, bates-numbered PDF of TIF images together with load files, or in native format.  All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and photographic files, including any such files attached to emails, shall be produced in native format, if available.  The following metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. If there are any issues with the production of these metadata fields, the parties will meet and confer and attempt to resolve them.

- DocID
- BegDocID
- EndDocID
- Document Type
- Attach DocIds
- ParentDocId
- Author
- Filename
- Date Created
- Date Modified
- Md5Hash
- DateSent
- TimeSent
- Subject
- To
- From
- CC
- BCC
- File Source Location/File Path
- Native Link
- Text Path

Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF or TIF images together with load files, and only the following metadata fields: DocID, BegDocID, and EndDocID fields.

The parties have agreed to meet and confer on a proposed ESI order and anticipate filing a stipulated ESI protocol order for the Court's consideration and approval.

      **c.**      **Claims of Privilege:** The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

      **d.**      **Completion of Discovery:**

      i.  **<u>Plaintiff's Position</u>**:  Plaintiff asserts that discovery, including fact and expert discovery, should be completed on or before **October 27, 2027**. Plaintiff further submits that Defendant's proposed bifurcation—limiting initial discovery to class certification issues and Plaintiff-specific merits— would be inefficient and unwarranted because the evidence relevant to Rule 23 factors substantially overlaps with the evidence bearing on the merits of Plaintiff's claims. In TCPA cases in particular, issues such as Defendant's calling practices, use of third-party vendors, consent mechanisms, policies and procedures, and call data are central both to class certification (including commonality, typicality, and predominance) and to liability. Defendant's attempt to separate "class" discovery from broader merits discovery is therefore artificial. Even under Defendant's proposal, the parties would be required to take discovery into the same core facts and documents—only to revisit and expand that same discovery later if a class is certified. This piecemeal approach would result in duplicative written discovery, repeated depositions, and unnecessary delay, increasing costs for the parties and burdening the Court.

ii. **Defendant's Position:**    Defendant asserts that discovery should be bifurcated, with the first phase of discovery limited to the merits of Mr. Peterson's claim, and facts relevant to whether a class can be certified ("Phase I Topics").  Republic proposes that fact discovery as to Phase I Topics will conclude by September 4, 2026.

The Phase I Topics will include everything necessary for Plaintiff to move for class certification, but deferring discovery into the merits of individual absent class members' claims until after a class has been certified (if a class is ever certified) will serve the interests of judicial economy.  Plaintiff's claims are based on calls he allegedly received about a past due account from Republic.  He asserts that he is not a customer of Republic.  Republic called the number at issue intending to reach a different individual who was a Republic customer and who had a past due account, because that customer had given the number to Republic as her own.  Plaintiff seeks to represent a class of similar "wrong number" called parties who were on the National Do Not Call Registry.  Republic vigorously disputes that such a class could be certified, given the individualized nature of the inquiry required even to determine who is in such a class (among other defects).  As a result, deferring burdensome discovery into the details of individual absent class members' claims until the court determines whether the absent class members' claims will be included in this action will serve the interests of judicial economy.  Because the decision as to whether the case can proceed as a class action will so fundamentally change the nature of the case and

because avoiding unnecessary class-wide discovery and motion practice will serve the interests of judicial economy, Defendant proposes that a schedule be set by the Court up to and including the deadline for class certification briefs, but that all remaining deadlines be set only after the deadline for class certification.

e.      **Limitations on Discovery:** The Parties do not perceive any issues regarding the maximum allowable number of interrogatories, request for admission, and depositions. All written discovery and depositions will proceed pursuant to the Federal Rules of Civil Procedure.

f.      **Expert Witness Disclosures.**

i.   **Plaintiff's Proposal:**Plaintiff proposes the following expert witness disclosure schedule:

Proponent by: **June 24, 2027**

Respondent by: **July 22, 2027**

Completion of expert Depositions by: **August 26, 2027**

Motion to exclude experts: **September 23, 2027**

Oppositions to Motion to Exclude Experts: **October 21, 2027**

ii.  **Defendant's Proposal:** Defendant proposes that the following disclosure schedule as to experts relevant to Phase I Topics:

Proponent by:  September 18, 2026

Respondent by:  October 16, 2026

Completion of expert Depositions relevant to Phase I Topics by November 13, 2026:

      **g.**     **Proposed Discovery Orders:** The Parties anticipate submitting a stipulated protective order based on this Court's model order. The Parties also anticipate submitting a proposed ESI Order.

**4. Other Items**

      **a.**     **Pretrial Conference.** The Parties request a final pre-trial conference 14 days before trial.

      **b.**     **Addition of Parties/Amendment of Pleadings**: The Parties agree that the deadline to join additional parties shall be **June 15, 2026**, and the deadline for filing amended pleadings shall be **July 13, 2026**.  Requests to join additional parties or amend pleadings after these dates shall only be granted upon good cause.

      **c.**     **Dispositive/Pretrial Motions.**

      i.

      ii.     **Parties' Proposal:**   The parties propose that the deadline for dispositive motions be set after a decision on class certification.

      **d.**     **Prospects for Settlement**. The parties have discussed, in good faith, the possibility of settlement and will continue to discuss the potential for resolution. It appears unlikely that prompt settlement can be reached prior to the parties conducting discovery and/or a decision on class certification. The parties will continue to revisit the question of settlement as the case proceeds.

      **e.**     **Witness Lists**.

      ii. **Parties' Proposal:**   The parties propose that these deadlines be set after a

decision on class certification.

    **f.**        **Exhibit Lists**.

ii. **Parties' Proposal:**  As noted above and in the interests of judicial economy, the parties propose that these deadlines be set after a decision on class certification.

    **g.**        **Trial**.

    **Parties' Proposal:**  The parties propose  that trial date and length should be set after a decision on class certification.

    **h.**        **Consent to Magistrate Judge**. The Parties will not consent to the jurisdiction of a magistrate judge for all further proceedings including trial.

    **i.**        **Request For Scheduling Conference**. The Parties request a scheduling conference.

    **j.**        **Corporate Disclosure Statements**. Defendant filed its Corporate and Diversity Disclosure statement on.

### PLAINTIFF'S PROPOSED DISCOVERY PLAN

| | |
|---|---|
| Completion of Fact Discovery | May 17, 2027 |
| Expert Disclosures | Proponent by: June 24, 2027<br><br>Respondent by: July 22, 2027<br><br>Completion of expert Depositions by: August 26, 2027<br><br>Motion to exclude experts: September 23, 2027<br><br>Oppositions to Motion to Exclude Experts: October 21, 2027 |

| Class Certification | Proponent by: June 24, 2027 |
| --- | --- |
| | Respondent by: July 22, 2027 |
| | Reply In Support: August 19, 2027 |
| All Discovery Motions | By August 26, 2027 |
| Completion of all Discovery | October 27, 2027 |
| **Further Deadlines to Be Set After Decision on Class Certification** | |

## DEFENDANT'S PROPOSED DISCOVERY PLAN

| Completion of Fact Discovery Regarding Phase I Issues | September 4, 2026 |
| --- | --- |
| Expert Disclosures Regarding Phase I Topics | Proponent by: October 2, 2026 |
| | Respondent by: November 2, 2026 |
| | Completion of expert Depositions by: December 2, 2026 |
| Class Certification | Proponent by: January 15, 2027 |
| | Respondent by: February 26, 2027 |
| | Reply In Support: March 19, 2027 |
| **Further Deadlines to Be Set After Decision on Class Certification** | |

Dated: April 21, 2026

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

*/s/ Daniel E. Danford* (with permission)
Daniel E. Danford
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1758
Telephone: (859) 226-2292
ddanford@stites.com

Darci F. Madden (*pro hac vice* pending)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Darci.Madden@bclplaw.com

Janessa Ella Jean Jacques (*pro hac vice* pending)
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Janessa.jeanjacques@bclplaw.com

*Counsel for Defendant*