UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

| | |
|---|---|
| KEITH PETERSON, *Individually, and on behalf of a class of all persons and entities similarly situated,* Plaintiff, | Case No.: 3:26-cv-00021-REW |
| v. | ***Electronically Filed*** |
| REPUBLIC SERVICES OF KENTUCKY, LLC, Defendant. | |

**DEFENDANT'S MOTION TO BIFURCATE DISCOVERY**

Defendant Republic Services of Kentucky, LLC submits the following in support of its motion to bifurcate discovery.

**INTRODUCTION**

This is a putative class action in which the lone Plaintiff, Keith Peterson ("Plaintiff"), alleges that Republic Services of Kentucky, LLC ("Republic" or "Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing prerecorded voice calls to his cellular telephone number about a debt owed by another person. Plaintiff claims he is not the Republic customer Republic was intending to call (and that he was not a Republic customer at all). Based on these less than one dozen wrong number calls, Plaintiff alleges that the Court should certify a class action and award the class of other alleged recipients of wrong number calls from Republic millions of dollars in damages.

Republic denies that it violated the TCPA even as to Plaintiff, but even if Plaintiff's individual claim were viable, no class can be certified here. Whether any given call was a "wrong

number" call placed without consent of the party who actually received the call is inherently individualized. Republic called Plaintiff's number intending to reach a specific Republic customer who had provided that number to Republic as her own. (Defendant's Responses and Objections to Plaintiff's First Set of Discovery Requests, dated July 20, 2026, attached as Exhibit A ("Ex. A"), Interrog. Resp. Nos. 5, 20.) Republic called her not to sell services but to alert her that her account was in arrears and that she was at risk of a disruption of service. (Ex. A, Interrog. Resp. Nos. 5.) Any other wrong number calls would have been made for similarly individualized circumstances.

Determining liability for each putative class member's claim – and even determining class membership – would require a distinct, fact-intensive inquiry into the particular circumstances of each call. The only way even to try to identify calls that were placed to wrong numbers would be to review every one of available recordings and notes related to the tens of thousands of calls Republic intended to be made to its customers—and Republic does not even believe that such a search would identify every class member, given that Republic only knows that it has contacted the wrong number if the person called answers and alerts Republic that it has reached a wrong number. (Ex. A, Interrog. Resp. No. 7.) These individualized inquiries make this case patently unsuitable for class treatment, and expensive, onerous discovery into each individual call made on behalf of Republic would be wasteful and disproportionate to the needs of the case if this case is not certified for class treatment (and may be disproportionate even if a class is certified). Judicial economy, at minimum, counsels strongly in favor of bifurcated discovery.

Republic respectfully moves this Court to bifurcate discovery into two phases. In Phase I, discovery would be limited to the merits of Plaintiff's individual claims and facts relevant to whether a class can be certified under Federal Rule of Civil Procedure 23 ("Phase I Topics"). All

discovery into the merits of specific absent class members' individual claims would be deferred to Phase II, to proceed only if and after the Court certifies a class.

## BACKGROUND

Plaintiff filed this action on November 4, 2025, alleging that Republic violated the TCPA by placing prerecorded voice calls to his cellular telephone number. (*See* Complaint, Dkt. 1) According to the Complaint, Plaintiff received calls beginning in late May or early June 2025. (Complaint, Dkt. 1, ¶ 16.) Plaintiff alleges that he is not a Republic customer, that he did not consent to receive the calls at issue, and that he requested Republic cease calling him, but that Republic failed to stop calling until he had requested an end to the calls twice. (Complaint, Dkt. 1, ¶¶ 17, 21, 24-25.)

Republic called the number at issue for the purpose of reaching a specific Republic customer who had an outstanding balance on her account. (Ex. A, Interrog. Resp. No. 5.) That customer had provided the telephone number to Republic as her own contact number. (Ex. A, Interrog. Resp. No. 5.)

Based on these calls, Plaintiff seeks to represent a class of people who were not Republic's customers and who received calls at the direction of Republic. (*See* Complaint, Dkt. 1 at ¶ 27.) Republic uses a vendor to make calls on its behalf, but it only directs that vendor to call numbers that Republic understands to belong to Republic customers. (Ex. A, Interrog. Resp. No. 2.) Therefore, the class will be composed only of recipients of calls placed to numbers that Republic erroneously understood to belong to Republic customers.

Republic vigorously disputes that such a class is amenable to certification. Such a class would be unascertainable and liability could not be proven with common proof. Just determining membership in the proposed class would itself require individualized inquiry—each putative class

member's circumstances will turn on a unique set of facts, including whether Republic in fact directed its vendor to place a call to the number at issue, the identity of the intended call recipient, whether the intended recipient had provided the number at issue to Republic as her own, and who was actually called. These are not questions susceptible to generalized, class-wide proof. Republic has no lists of parties who have been called in error. (Ex. A, Interrog. Resp. No. 7.) The only way to locate evidence of wrong number calls would be to review each and every one of the available recordings of the tens of thousands of calls made at Republic's direction to see whether the call recipient complained of being reached in error, and then to research the truth of any such assertions. (Ex. A, Interrog. Resp. No. 7.) And this incredibly labor-intensive exercise would not identify all class members, given that many people likely did not answer the calls or failed to explain the situation to the caller. (*See* Ex. A, Interrog. Resp. No. 7.) Whether Republic should be required to undertake this incredibly onerous search that Republic contends is unduly burdensome and disproportionate to the needs of this case will be hotly contested even if a class is certified, but there is no reason for the Court to even have to entertain the dispute before any class is certified.

The Parties held a Rule 26(f) conference on April 17, 2026, and filed a Joint Status Report on April 21, 2026 [DE 34]. The Parties were unable to agree on the scope and phasing of discovery. Plaintiff seeks the ability to conduct unlimited discovery encompassing both class certification and merits issues, with all discovery to be completed by October 27, 2027. Republic, by contrast, proposes bifurcated discovery in which Phase I fact discovery would conclude by September 4, 2026, followed by expert disclosures and class certification briefing. On July 16, 2026, the Court ordered that any motion to bifurcate discovery shall be filed by no later than July 30, 2026 [DE 47].

## LEGAL ANALYSIS

Courts in the Sixth Circuit have routinely bifurcated discovery in putative class actions to serve the interest of judicial economy. *See Mod. Holdings, LLC v. Corning, Inc.*, No. 5:13-CV-405-GFVT, 2015 WL 14079821, at *3 (E.D. Ky. Sept. 28, 2015) (listing cases); *Chenault v. Beiersdorf, Inc.*, No. 1:20-CV-174, 2020 WL 5016795, at *3 (S.*D. Ohio Aug.* 24, 2020) (stating that "efficiency and judicial economy favor bifurcation"). As this Court has recognized, bifurcation "will conserve further judicial resources and minimize expenses for all involved" and "will allow the Court to prioritize 'discovery into certification issues pertain[ing] to the requirements of Rule 23' . . . before determining whether to certify Plaintiffs' action as a class action." *Mod. Holdings,* 2015 WL 14079821, at *3. Each consideration supporting bifurcation—whether it will aid the Court in making a timely certification determination, whether the certification decision will materially affect the scope of the litigation, and whether the certification and merits inquiries are sufficiently distinct—weighs in Republic's favor here.

### A. <u>Bifurcation Enables the Court to Make a Timely Decision on Class Certification</u>.

Bifurcation is particularly warranted here because it will enable the Court to make a timely determination on class certification without the delay and expense of full merits discovery. The contrast between the parties' proposed schedules illustrates the point. Under Plaintiff's proposed unified schedule, all discovery would not close until October 2027, and the class certification motion would not be filed until June 2027—more than two years after the events giving rise to this action. Republic's phased approach, by contrast, would permit Phase I fact discovery to close by September 2026 and the certification motion to be fully briefed by March 2027—a full year ahead of Plaintiff's timeline. Permitting full merits discovery into the individual circumstances of every putative class member's calls before the Court has even determined whether class treatment is

appropriate would impose substantial and potentially unnecessary burden and expense on both parties and the Court.

Discovery into the merits of specific absent class members' claims is not necessary for the Court to decide whether class certification is appropriate. Under Defendant's proposal, Plaintiff will be permitted to take discovery into Defendant's policies, procedures, and general practices (including record-keeping practices) to discover whether the putative class claims will be subject to common proof. Examination of each individual call record is not necessary to this analysis and will only delay the Court's ability to promptly address class certification, as well as drive up costs unnecessarily.

**B. <u>The Certification Decision Materially Affects the Scope of Litigation</u>.**

The certification decision will also materially affect the scope of this litigation. If the Court denies certification, the case will proceed solely on Plaintiff's individual claims, and the extensive class-wide discovery Plaintiff seeks—into the circumstances of every call placed to every putative class member—will have been entirely unnecessary. Moreover, because the proposed class is defined by reference to calls placed to all numbers "not assigned to a person who had an account in collections with" Republic, the Court's resolution of the certification question will directly shape the boundaries of any subsequent merits discovery. (Complaint, Dkt. 1, ¶ 27.) Bifurcation thus ensures that the parties and the Court do not expend resources on discovery that may prove wholly unnecessary (or even on disputes regarding the extent to which such information is reasonably available to Defendant or whether such a search would be disproportionate to the needs of the case).

### C. <u>The Merits Inquiries Are Not Closely Enmeshed</u>.

Moreover, the class certification inquiry and the merits inquiry are not closely enmeshed. The certification analysis will focus on Republic's calling practices, systems, and policies—whether Plaintiff's claims are typical of the class, whether common questions predominate, and whether the proposed class is ascertainable. These questions can be resolved without delving into the individual merits of each absent class member's claim. The merits inquiry of absent class members' claims, by contrast, will require the kind of granular, call-by-call examination described above—individualized questions that are distinct from, and need not be resolved in connection with, the class certification determination.

Republic's discovery responses underscore this distinction: Republic made no effort to call people other than customers, and it only did so on the occasions when its records were mistaken. (Ex. A, Interrog. Resp. No. 7.) Republic has no policies, procedures, or mechanism for systematically identifying wrong numbers it has previously directed to be called. Republic only learns of such calls if and when the called party affirmatively notifies Republic or its vendor and it has not to date tracked the circumstances under which contact numbers are updated in its records. Any attempt to conduct class-wide merits discovery would therefore require a manual review of every call note and recording for tens of thousands of calls—an undertaking that should not be imposed before the Court resolves the threshold question of class certification.

Plaintiff will likely contend that discovery relevant to class certification "substantially overlaps" with merits discovery, rendering bifurcation inefficient. But the mere fact that certification and merits issues may involve some overlap does not justify full merits discovery at the certification stage. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *Chenault*, 2020 WL 5016795, at *3 ("But the fact that class and merits-based discovery will be inevitably be

intertwined to some extent does not necessitate denying a motion to bifurcate."); *Mod. Holdings*, 2015 WL 14079821, at *4. Phase I discovery will encompass all evidence necessary for Plaintiff to move for class certification, including Republic's calling practices, the way it gathers and memorializes call data, consent mechanisms, and policies and procedures. What Phase I will not include is burdensome, class-wide merits discovery into the individual circumstances of absent class members' claims—discovery that may prove entirely unnecessary if the Court declines to certify a class.

### D. <u>Bifurcation Will Not Prejudice Plaintiff</u>.

Republic's proposed Phase I schedule provides Plaintiff with a full and fair opportunity to conduct discovery on all issues relevant to class certification and to the merits of his individual claims. Should the Court certify a class, Phase II discovery will follow, and Plaintiff and the class will have the opportunity to pursue any additional discovery to which they are entitled by the Rules. *See Mod. Holdings*, 2015 WL 14079821, at *4 ("Plaintiffs may rest assured that the Court's decision to sequence discovery will not deprive them of their opportunity to receive all evidence to which they are entitled per the federal discovery rules.").

## <u>CONCLUSION</u>

For the foregoing reasons, Republic respectfully requests that this Court enter an order bifurcating discovery into two phases, with Phase I limited to the merits of Plaintiff's individual claims and facts relevant to class certification, and Phase II—addressing the merits of absent class members' claims, to the extent authorized by the Rules—to proceed only if and after the Court certifies a class. Republic further requests that the Court set a scheduling order consistent with the following proposed Phase I deadlines:

- Completion of Phase I Fact Discovery: **September 4, 2026**

- Phase I Expert Disclosures (Proponent): **October 2, 2026**
- Phase I Expert Disclosures (Respondent): **November 2, 2026**
- Completion of Phase I Expert Depositions: **December 2, 2026**
- Class Certification Motion: **January 15, 2027**
- Opposition to Class Certification**: February 26, 2027**
- Reply in Support of Class Certification: **March 19, 2027**

Respectfully submitted,

*/s/ Janessa Ella Jean Jacques*
Darci F. Madden (admitted *pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2366
Email: Darci.Madden@bclplaw.com

Janessa Ella Jean Jacques (admitted *pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7111
Email: Janessa.jeanjacques@bclplaw.com

Daniel E. Danford
STITES & HARBISON PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1758
Telephone: (859) 226-2292
Email: ddanford@stites.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2026, the foregoing motion was electronically filed with the Court via the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Janessa Ella Jean Jacques*
Janessa Ella Jean Jacques