# *EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT FRANKFORT**

| | |
|---|---|
| **KEITH PETERSON**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>v.<br><br>**REPUBLIC SERVICES OF KENTUCKY LLC**,<br><br>Defendant. | Case No. 3:26-cv-00021-GFVT<br><br>Honorable Judge Gregory F. VanTatenhove |

**DEFENDANT REPUBLIC SERVICES OF KENTUCKY LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Pursuant to Fed. R. Civ. P. 33, 34 and 36, Defendant Republic Services of Kentucky LLC ("Defendant") answers and responds to the following interrogatories, requests for production, and requests for admission (collectively, "Discovery Requests").

Defendant hereby makes the following objections to Plaintiff's definitions and instructions, as well as the following general objections to the Discovery Requests, each of which is incorporated by reference into every specific response set forth below as if fully restated therein. The assertion of a specific objection to any particular Discovery Request shall not be construed as a waiver of any general objection or objection to definitions and instructions, and the failure to assert a specific objection shall not be construed as a waiver thereof.

**documents that will be produced upon entry of an appropriate protective order in response to Plaintiff's requests for production, which are incorporated herein by reference.**

**Defendant further states that discovery is ongoing and it reserves its right to supplement this response as additional, relevant and responsive information is identified.**

2. Identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with [redacted]-7142.

**RESPONSE: Defendant objects to this interrogatory to the extent it seeks information about "attempted communication" as that term is not defined, and it is unclear what information is being sought. To the extent "attempted communication" is intended to refer to calls placed to or from the listed number or Plaintiff, Defendant provides the following response. To the extent it seeks something else, Defendant reserves the right to revise its response once clarification is provided. Defendant objects to the extent that this request seeks information that is confidential and proprietary and cannot be provided without the protections of a confidentiality order.**

**Subject to the terms of a forthcoming protective order, and without waiving its objections, Defendant states that calls to telephone number [redacted]-7142 were placed by a vendor called iQor. Customer account information is provided to iQor using a system called Webcollect. iQor uses the dialing platform LiveVox to make calls.**

3. Identify each call Defendant made, or caused to be made, to Plaintiff, or to [redacted]-7142, in connection with which it used an artificial or prerecorded voice.

**RESPONSE: Defendant objects to this interrogatory to the extent it seeks information that is beyond the possession, custody or control of Defendant as Defendant engaged a third-party company to place certain collection calls on its behalf.**

**Subject to and without waiving the above objections, Defendant's records reflect that approximately 11 calls were placed to telephone number [redacted]-7142 between February 22, 2022 and October 7, 2025. All 11 of those calls were placed by a third-party vendor and, based upon information currently available to Defendant, it believes that those calls included an artificial or pre-recorded voice. Defendant incorporates by reference the documents produced in response to Plaintiff's requests for production.**

4. Identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and [redacted]-7142—including the date, time, substance of, and disposition of, the communications or attempted communications.

**RESPONSE: Defendant utilizes an InfoPro database system to document communications with customers and persons associated with customer accounts. Call details, including date, time, and disposition, are recorded in a record that is referred to as an F2 note.**

5. Identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to [redacted]-7142, and the intended recipient(s) of Defendant's calls.

**RESPONSE: Defendant objects to this interrogatory to the extent that it seeks private and personally identifiable information regarding third parties. Defendant also objects to this interrogatory to the extent it seeks information that is equally available to Plaintiff as the messages and communications transmitted by Defendant already provided the reason for the calls. Subject to and without waiving these objections, Defendant states that it caused calls to be placed to telephone number [redacted]-7142 to alert customer S.W. that she was in arrears on her account. The customer had provided [redacted]-7142 as her phone number.**

6. Identify any business relationship, plan(s), or account(s) Defendant has, or had, with Plaintiff.

**RESPONSE: To Defendant's knowledge, Plaintiff is not, and has not been, a customer of Defendant. Defendant called telephone number [redacted]-7142 in an attempt to reach Republic customer S.W. who had provided that number to Defendant as her own. Defendant refers Plaintiff to the documents that will be produced upon entry of an appropriate protective order in response to Plaintiff's requests for production, which are incorporated by reference herein.**

7. Identify the number of unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used an artificial or prerecorded voice.

**RESPONSE: Defendant objects on the grounds that this interrogatory seeks class-wide discovery that is premature and improper at this stage of the litigation, as no class has yet been certified. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case as it fails to contain any appropriate subject matter limitations that would tie the requests to collection calls placed to non-customer numbers. Among other issues, the interrogatory purports to go beyond calls using an artificial or prerecorded voice made to putative class members and inquires about every call using an artificial or prerecorded voice made to anyone, including Defendant's own customers. Calls made to customers are outside of the scope of the putative class and information about calls placed to people other than putative class members is not likely to lead to the discovery of admissible evidence.**

**Subject to and without waiving these objections, Defendant states that it does not know how many calls it made or caused to be made to non-customers using an artificial or prerecorded voice. Defendant only knowingly calls its own customers or former customers using artificial or pre-recorded voices. Such calls are placed to non-customers only by mistake (such as when Republic has the wrong number for a customer in its records or possibly when a number has been misdialed). Defendant does not maintain any list of persons for whom it once had an incorrect number in its records and maintains no logs of wrong number calls or misdialed calls. Defendant does not require persons who change a telephone number in Defendant's customer records to record any narrative explaining the change or the reason for it, and there is no code or other standardized notation for wrong number calls that would allow them to be readily located within Defendant's records. Further, Defendant is only aware that it has contacted a wrong number if the called party affirmatively reaches out to advise Defendant or its vendor of the error. Thus, Defendant would have to review every call note and listen to every call recording for tens of thousands of calls in order to try to discover any instances of calls to wrong numbers—and even such a labor intensive, time-consuming review would likely not capture every wrong number or misdialed call. The extraordinary burden attendant to reviewing each and every call record and recording is patent and far outweighs any probative value here. Defendant also states that its legal and marketing departments are not aware of any widespread reports of wrong number calls or of any actual or threatened lawsuits based on the same.**

8. For the telephone numbers Defendant identifies through its answer to interrogatory no. 7, identify the number of them for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, as it fails to contain appropriate subject matter limitations that would tie the requests to collection calls placed to non-customer numbers. Moreover, this interrogatory is not limited to calls to Plaintiff or to telephone number [redacted]-7142 and instead seeks information regarding all outgoing calls placed by Defendant, which constitutes class-wide discovery that is premature and improper at this stage of the litigation. Subject to and without waiving these objections, Defendant identifies the telephone number(s) from which calls were placed to telephone number [redacted]-7142 as [redacted]-2000.**

20. Identify from whom, for what purpose, when, from where, why, and how, Defendant obtained or procured telephone number [redacted]-7142 as it pertains to the calls identified in paragraphs 16-24 of Plaintiff's class action complaint.

**RESPONSE: Telephone number [redacted]-7142 was provided to Defendant by S.W., a Republic customer, on or about June 29, 2021, in connection with her account. Defendant incorporates by reference the call notes that Defendant will be producing in response to requests for production upon entry of an appropriate protective order.**

21. State the factual basis and identify all evidence on which Defendant relies in asserting its fourth, fifth and sixth affirmative defenses.

**RESPONSE: Defendant never knowingly places calls to anyone other than customers using artificial or prerecorded voices. Customers contacted via such means have voluntarily provided their phone numbers to Defendant and consented to such contacts. Defendant objects to the request to identify all evidence on which Defendant relies in asserting these affirmative defenses as to absent class members on the grounds that the request is overly**

DATED this 20th day of July, 2026.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Darci F. Madden*
Darci F. Madden (*pro hac vice to be submitted*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Darci.Madden@bclplaw.com

Janessa Ella Jean Jacques (*pro hac vice* pending)
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Janessa.jeanjacques@bclplaw.com

STITES & HARBISON PLLC

Daniel E. Danford
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1758
ddanford@stites.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day the foregoing Defendant Republic Services of Kentucky LLC's Responses and Objections to Plaintiff's First Set of Discovery Requests was served via email and U.S. Mail on plaintiff's counsel.

DATED this 20th day of July, 2026.

*/s/ Darci F. Madden*

BRYAN CAVE LEIGHTON PAISNER LLP
Darci F. Madden (*pro hac vice to be submitted*)
Janessa E. Jean Jacques (*pro hac vice to be submitted*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: 314-259-2366
Darci.Madden@bclplaw.com
Janessa.JeanJacques@bclplaw.com

*Counsel for Defendant*