UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:26-00021-REW-EBA

KEITH PETERSON, PLAINTIFF,

V. **ORDER**

REPUBLIC SERVICES OF KENTUCKY, LLC, DEFENDANT.

*** *** *** ***

This matter is before the Court on the Defendant Republic Services of Kentucky, LLC's (Republic) Motion to Bifurcate Discovery. [R. 48]. Plaintiff Keith Peterson filed a Response in opposition, [R. 49], to which Republic filed a Reply. [R. 50]. Having been fully briefed, this matter is ripe for review.

## FACTS AND PROCEDURAL HISTORY

On November 4, 2025, Peterson brought the underlying putative class action under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, against Republic. [R. 1]. Therein, Peterson alleges that beginning in late May or early June 2025, Republic placed telephone calls to his cellular telephone number using an artificial or prerecorded voice. [*Id.* at pg. 3]. Peterson claims that he is not a Republic customer, that he did not consent to receive any calls, and that despite him requesting Republic to cease calling him—the calls continued. [*Id.* at pgs. 4-5]. Republic claims that it called the number at issue in an attempt to reach a specific Republic customer who had an outstanding balance on her account. [R. 48 at pg. 3]. Republic further claims that the customer in question provided Peterson's cellular telephone number as her own contact number. [*Id.*].

Peterson also seeks to represent a class of people who, like him, were not Republic customers, who never gave their numbers to Republic, but who received calls from Republic to their cellular telephone numbers. [R. 49 at pg. 1]. Following the parties Rule 26(f) report, Republic has filed the underlying motion, seeking to bifurcate discovery into two phases: (1) the merits of Peterson's individual claims and facts relevant to whether a class can be certified under Federal Rule of Civil Procedure 23 and (2) discovery into the merits of specific absent class members' individual claims, which would proceed *only if* the Court certifies the prospective class. [R. 48 at pgs. 2-3].

## LEGAL STANDARD

"Whether to bifurcate class certification and merits discovery is within the discretion of the court." *McCluskey v. Belford High School*, 2011 WL 13225278, at *3 (E.D. Mich. Mar. 10, 2011); *In re Copper Tubing Litig.*, 2006 WL 8434911, at *5 (W.D. Tenn. Oct. 3, 2006). Under Rule 42(b), a court may choose between a bifurcated and a unified trial by weighing "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and [judicial] economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). The balance of those factors is left to the court's discretion, and a court's decision on whether to grant a motion to bifurcate is largely based on the specific facts of each individual case. *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988) (citations omitted). Importantly, "the party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Woods v. State Farm Fire & Caus. Co.*, No. 2:09-CV-482, 2010 WL 1032018, at *1 (S. D. Ohio Mar. 16, 2010) (citing Wright & Miller, *Federal Practice and Procedure* § 2388 (2d ed. 2006)).

## ANALYSIS

The issue before the undersigned is whether discovery should be bifurcated into Republic's two proposed phases: (1) the merits of Peterson's individual claims and facts relevant to whether a class can be certified under Federal Rule of Civil Procedure 23 and (2) discovery into the merits of specific absent class members' individual claims, which would proceed *only if* the Court certifies the prospective class. [R. 48 at pgs. 2-3]. When determining the issue of bifurcation of liability and class discovery, "court[s] consider[] (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery." *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) (citing 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014)).

Here, the factors weigh in favor of bifurcating discovery. First, there is little overlap between Peterson and the putative class discovery. As Republic explains, "certification analysis will focus on Republic's calling practices, systems, and policies— whether Plaintiff's claims are typical of the class, whether common questions predominate, and whether the proposed class is ascertainable." [R. 48 at pg. 7]. In contrast, the merits inquiry into the putative class members' claims will be very individualized. [*Id*. at pg. 2]. In Peterson's case, Republic argues that his telephone number was provided to them by a customer who Republic was calling to alert that her account was in arrears and that she was at risk of disruption of service. [*Id*.]. Republic further argues that any other alleged wrong number calls would have been made "for similarly individualized circumstances." [*Id*.]. "In cases asserting both individual liability and potential class action claims under the TCPA, courts have bifurcated discovery 'where narrow, potentially

dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Insurance*, No. 22-12354, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (first citing *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22 CV 02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023); and then citing *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (bifurcating discovery in TCPA case after determining that whether an automatic dialing system was used was an issue of liability distinct from class certification, and "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive")). Here, discovery on the reason for Republic's calls to Peterson—including their calling practices—is essential in determining whether a class can be certified and whether Peterson can be representative of the class as a whole.

Additionally, "the need for class discovery may be eliminated if [Republic] is able to demonstrate that [Peterson], the sole named Plaintiff, lacks a viable individual claim." *Fania,* WL 2607303, at *3 (citing *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved.")). Thus, discovery regarding the merits of potential class members' claims is not necessary at this stage before determining the merits of Peterson's individual claim and his ability to represent the putative class. *See id*.

Second, bifurcation promotes Rule 23's requirement that certification be decided at "an early practicable time." FED. R. CIV. P. 23. Under Defendant's proposed discovery schedule, phase one discovery and briefing on class certification will conclude 5 months before Plaintiff's proposal. [*See* R. 34 at pg. 9]. Allowing full discovery into the merits of the proposed class

members' claims prior to certification will delay class certification and could possibly lead to unnecessary discovery costs, litigation, and resources.

Third, bifurcation is in the interest of judicial economy. Despite Peterson's assertion that bifurcation will lead to duplicative discovery, the undersigned finds that bifurcation will promote the efficient resolution of this matter and will allow the Court to address a narrow, potentially dispositive issue in a timely and cost-effective manner with no significant prejudice to Peterson. As Republic argues, "Phase I discovery will encompass all evidence necessary for [Peterson] to move for class certification, including Republic's calling practices, the way it gathers and memorialized call data, consent mechanisms, and policies and procedures." [R. 48 at pg. 8].

Finally, Republic would face prejudice if the Court did not bifurcate discovery. The parties would be required to engage in extensive discovery on the merits of the proposed class discovery which may not be necessary if Peterson's claim fails on the merits or if the class is not certified. However, Peterson argues that "the prejudice resulting from granting or denying the motion to bifurcate runs both ways." [R. 49 at pg. 14 (quoting *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13–cv–02219–JST, 2015 WL 273188, at *3 (N.D. Cal. Jan. 20, 2015)). Specifically, Peterson argues he will suffer prejudice if the motion is granted because Republic "does not maintain a list of persons for whom it once has an incorrect number and maintains no logs of wrong number calls or misdialed calls," and therefore is likely still placing unwanted calls to putative class members and evidence of those calls are likely to disappear. [R. 49 at pg. 14]. Despite these claims, Peterson provides no proof of his allegations, nor does he provide binding authority to support his assertion that these allegations result in unfair prejudice that should weigh in favor of denying bifurcation. [*See id.*]. Peterson's speculative claims do not outweigh the unfair prejudice Republic stands to suffer—substantial costs associated with broad discovery, expert witnesses,

discovery disputes, and related litigation burdens that may ultimately be unnecessary— if the motion is denied.

## CONCLUSION

Therefore, upon considerations of the factors, the undersigned will grant Republic's motion and will bifurcate discovery into its proposed phases. [R. 48]. Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Bifurcate, [R. 48], is **GRANTED**. Phase I discovery will be limited to the merits of Plaintiff's individual claims and facts relevant to whether a class can be certified under Federal Rule of Civil Procedure 23. All discovery into the merits of specific absent class members' individual claims shall be deferred to Phase II, to proceed only if and after the Court certifies a class.

**IT IS FURTHER ORDERED** that the deadlines for Phase I of discovery are as follows:

1. Completion of Phase I Fact Discovery: **October 26, 2026**
2. Phase I Expert Disclosures (Plaintiff): **November 25, 2026**
3. Phase I Expert Disclosures (Defendant): **December 28, 2026**
4. Completion of Phase I Expert Depositions: **January 27, 2027**
5. Class Certification Motion: **February 26, 2027.** Response and reply time to be governed by Local Rule 7.1.

**IT IS FURTHER ORDERED** that the Defendant **SHALL** file any response to the Plaintiff's motion to compel, [R. 51], within **7 days of entry of this Order.** Therein, the Defendant shall include any argument regarding whether the discovery sought is appropriate for Phase I discovery.

Signed October 2, 2026.

**Signed By:**

***Edward B. Atkins*** EBA

**United States Magistrate Judge**